United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSITY PROFESSIONAL AND TECHNICAL EMPLOYEES, CWA LOCAL 9119, AFL-CIO; RICHARD MONTOYA; CATHERINE CHAPMAN; THOMAS MARKS; and MANUEL TRUJILLO, <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF REGENTS OF THE UNIVERSITY OF CALIFORNIA; LOS ALAMOS NATIONAL SECURITY, LLC; and DOES 1 to 40, inclusive, <br><br> Defendants. | No. C 06-3326 SBA <br><br> **ORDER** <br><br> [Docket Nos. 13, 14, 15, 16, 18, 19, 27, 29] |

This matter comes before the Court on Plaintiffs' Motion to Remand; each Defendants' Motion to Dismiss or, in the alternative, to Require a More Definite Statement of Injunctive Relief Sought and to Strike Plaintiff's Claim for Monetary Damages; and all parties' Requests for Judicial Notice.

## **BACKGROUND**

Plaintiff University Professional and Technical Employees, CWA Local 9119 is a labor union that represents employees of the University of California. Compl. ¶ 1. Individual Plaintiffs Richard Montoya, Catherine Chapman, Thomas Marks and Manuel Trujillo work at the Los Alamos National Laboratory (LANL). *Id*. They are participants or beneficiaries under the University of California Retirement Plan (UCRP). *Id*.

The University of California formerly managed the LANL under a contract with the United States Department of Energy. On December 21, 2005, the DOE awarded the contract to Defendant Los Alamos National Security, LLC (LANS). *Id*. at ¶ 15. The DOE Request for Proposals required the contractor to offer employment to all employees of the LANL, and to provide employees with a

"total compensation package . . . that is substantially equivalent" to that provided by the University. UC Regents' Request for Judicial Notice at Ex. A.

Around March 15, 2006, individual Plaintiffs received documents from the University of California and LANS notifying them that their employment with the UC would be ending. Compl. at ¶ 16. These documents contained an "Employment Offer Package," (hereinafter "LANS Package") under which all LANL employees in good standing who were vested in the UCRP were offered employment with LANS, if they agreed to either transfer their pension assets out of the UCRP and into a LANS plan entitled "Pension Plan One," or refrain from retiring at the end of their University of California employment and instead take "inactive status" in the UCRP. *Id*. at ¶ 17. If employees opted to take "inactive status," then upon starting employment at LANS they would be placed in Total Compensation Package 2 instead of Total Compensation Package 1. The latter includes a defined benefit pension plan, whereas the former includes a defined contribution savings plan "which offers substantially lower benefits." *Id*. at ¶ 18. Further, Plaintiffs allege that "Defendants have further announced their likely intent to 'spinoff' UC-LANL retirees who do not voluntarily transfer their assets. Under this spinoff, for all UC-LANL employees who choose to exercise their right to retire, who have retired in the past, or who elect to take 'inactive status' under the UCRP, all pension assets and liabilities attributable to such employees would be transferred to an entirely new, as yet unnamed, pension plan that is significantly smaller than the UCRP, with fewer participants, lesser assets, no track record and lesser prospect of future viability." *Id*. at 19. Employees were given until May 15, 2006 to respond to LANS' offer of employment. *Id*. at ¶ 20.

On April 18, 2006, Plaintiffs filed a complaint in Alameda County Superior Court, alleging that Defendant Board of Regents of the University of California (UC Regents) breached its fiduciary duty under Article XVI, Section 17 of the California Constitution. *Id*. at ¶ 22. Plaintiffs alleged that under Section 17, "the Board of Regents and its agents, as the Plan's fiduciaries, operated under an affirmative duty to act solely in the interest of, and for the exclusive purposes of providing benefits to the Plan's participants and beneficiaries, including plaintiffs and their class." *Id*. Specifically,

2

Plaintiffs alleged that,

> UC has provided insufficient information to plaintiffs for them to make an informed decision with respect to the transfer of the UCRP benefits by May 15, 2006.  Solely by way of example, <u>neither the materials provided in the LANS Package or referenced web sites provide plan documents or summary plan descriptions for the pension plans into which plaintiffs and members of their class are coerced to transfer their vested UCRP benefits.  As yet another example,</u> defendants have failed and refused to notify plaintiff and members of their class as to whether, if they choose to keep their assets in the UCRP either for reasons of financial security or on other grounds, they will end up being involuntarily spunoff into a new as of yet unnamed pension plan.  Rather than provide this information or extend plaintiffs' deadline for making their choices, defendants have done neither, instead indicating that more certain information will be available only after plaintiffs have already made their choices, <u>and defendants have provided no opportunity for revoking or altering those choices after the fact</u>.

*Id*. at ¶ 26.  Plaintiffs allege that LANS acted as an agent of the UC Regents in breaching fiduciary duties to them.  The University owns a 50% interest in LANS.

Plaintiffs requested declaratory relief and an accounting.  *Id*. at ¶¶ 29-33.  They also sought injunctive relief "prohibiting defendants from further carrying through with the unlawful actions described above and requiring these unlawful actions to be remedied."  *Id*. at ¶ 36.  Alternatively, Plaintiffs sought a writ of mandate.  *Id*. at ¶ 37.  Finally, Plaintiffs sought "general and special damages according to proof," prejudgment interest, and attorneys' fees and costs.

On May 19, 2006, Defendants removed the action to this Court.  On May 31, Plaintiffs filed a First Amended Complaint (FAC).  The FAC is substantially similar to the initial Complaint, except that in Paragraph 26, quoted above, the underlined text is omitted.

The parties filed the instant motions to dismiss and to remand on July 28, 2006.

## ANALYSIS

**1.   Requests for Judicial Notice**

Each party has submitted a Request for Judicial Notice (RJN).  Plaintiffs ask the Court to take Judicial Notice of the 2004-05 Annual Financial Report of the UCRP.  Defendant UC Regents' RJN contains 11 documents: (1) the DOE's request for proposals for the contract to operate LANL; (2) the DOE's new contract documents for LANL; (3) an excerpt from J. Ross Browne, Report of the

3

Debates in the Convention of California, on the Formation of the State Constitution; (4) an excerpt from E.B. Willis & P.K. Stockton, Debates and Proceedings of the Constitutional Convention of the State of California; (5) an excerpt from the California Ballot Pamphlet, General Election, November 6, 1956; (6) an excerpt from the California Ballot Pamphlet, General Election, November 8, 1966; (7) an excerpt from the California Ballot Pamphlet, General Election, November 3, 1970; (8) an excerpt from the California Ballot Pamphlet, Primary Election, June 6, 1972; (9) an excerpt from the California Ballot Pamphlet, General Election, November 5, 1974; (10) an excerpt from the California Ballot Pamphlet, Primary Election, June 5, 1984; and (11) an excerpt from the California Ballot Pamphlet, General Election, November 3, 1992.  Defendant LANS' RJN contains three documents: (1) a Department of Labor Opinion Letter dated October 17, 1984; (2) a Department of Labor Opinion Letter dated April 27, 2006; and a letter to Dr. Michael R. Anastasio from National Nuclear Security Administration, detailing the DOE-imposed requirement that LANS provide laboratory employees who were offered continued employment substantially the same retirement benefits.

Federal Rule of Evidence 201(b) permits judicial notice of facts "not subject to reasonable dispute" in that they are "either (1) generally known within the territorial jurisdiction or the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  The above documents are capable of accurate and ready determination, and the parties do not dispute the accuracy of the documents in any of the RJNs.  Accordingly, the RJNs are GRANTED.

**2.  Propriety of Removal**

    **a.  Legal Standard**

Under 28 U.S.C. § 1441, defendants may remove to federal district court those cases over which the federal court would have had original subject matter jurisdiction. 28 U.S.C. § 1441(a).  A removed case may be remanded to state court based on a "defect" in the removal procedure or if, at any time before final judgment, the federal court determines that it lacks subject matter jurisdiction.

4

1  28 U.S.C § 1447(c).

2  The burden of proving the propriety of removal rests with the removing party. *Abrego v.
3  Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *United Computer Systems v. AT&T Corp.*,
4  298 F.3d 756, 763 (9th Cir. 2002).  The removal statutes are strictly construed against removal, and
5  if there is any doubt as to the propriety of removal, the lawsuit must be remanded to state court.
6  *Abrego*, 443 F.3d at 685, 690 (citations omitted).

7  **b.     Discussion**

8  Defendant LANS removed this action to federal court, with the consent of Defendant UC
9  Regents, on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and supplemental
10  jurisdiction, 28 U.S.C. § 1367(a).[1]

11  Normally, a case arises under federal law only when the plaintiff's well-pleaded complaint
12  raises a federal claim.  Plaintiff's complaint does not, on its face, raise any federal claims.  However,
13  "[o]ne corollary of the well-pleaded complaint rule developed in the case law, however, is that
14  Congress may so completely pre-empt a particular area that any civil complaint raising this select
15  group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S.
16  58, 63-64 (1987).

17  ERISA completely preempts a state law claim when it both preempts the claim under 29
18  U.S.C. § 1144(a) and displaces the claim under 29 U.S.C. § 1132(a). *Buster v. Griesen*, 104 F.3d
19  1186, 1188 (9th Cir. 1997).  Section 1144(a) states that ERISA supersedes any state laws "insofar as
20  they may now or hereafter relate to any employee benefit plan."  The Ninth Circuit has held that
21  state law "relates to" an ERISA benefit plan "if there is a 'connection with' or 'reference to' such a
22  plan." *Abraham v. Norcal Waste Systems, Inc.*, 265 F.3d 811, 820 (9th Cir. 2001).  State law claims
23  have a connection with an ERISA plan if "they encroach upon ERISA-regulated relationships." *Id*.

---

[1] UC Regents concede that Plaintiffs' claims against them are based on state law.  UC Regents argue that the Court should assert jurisdiction over the claims against them based on supplemental jurisdiction, 28 U.S.C. § 1367(a), because the claims against them and LANS arise from a common nucleus of operative facts.

Section 1132(a) is ERISA's civil enforcement provision. It provides, in relevant part, that an action may be brought by a plan participant or beneficiary to compel the plan administrator to provide certain information, to recover benefits due under the plan, to enforce rights under the plan, to clarify the right to future benefits under the plan, to obtain relief for breach of fiduciary duty, or to obtain equitable relief. "Only if the complaint asserts a state law claim that can be reasonably characterized as a claim under any of ERISA's civil enforcement provisions can the action be properly removed." *Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998).

According to LANS, Plaintiffs' claims are completely preempted by ERISA. "Although plaintiffs style their claims against LANS as a breach of fiduciary duty under California law, to the extent that plaintiffs allege that LANS failed to provide employees with sufficient information about LANS's defined benefit pension plan and defined contribution savings plan to provide employees with a meaningful basis to decide whether to participate in those plans, plaintiffs in actuality are attempting to state a claim for breach of duties under ERISA section 502, 29 U.S.C. § 1132." Notice of Removal at ¶ 20. Thus, LANS asserts that this Court has original jurisdiction over Plaintiffs' claims against LANS, and supplemental jurisdiction over all other claims. *Id.* at ¶ 25.

Plaintiffs argue that their claims are not preempted by ERISA because the UCRP is a "governmental plan." A governmental plan is "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). Governmental plans are excluded from ERISA coverage. 29 U.S.C. §§ 1003(b)(1), 1321(b). Defendants do not dispute that UCRP is a governmental plan which is exempt from ERISA. Rather, they argue that Plaintiffs claims are, in substance, directed at LANS' failure to provide them with adequate information about LANS' pension plans, which are governed by ERISA.

Plaintiffs do not dispute that LANS' pension plans are governed by ERISA. Instead, Plaintiffs disavow any claim that LANS breached any duty in its capacity as administrator of its own plans. Plaintiffs argue that UC Regents breached its fiduciary duty to Plaintiffs under the California

6

Constitution. Article XVI, Section 17 provides that "the retirement board of a public pension or retirement system shall have plenary authority and fiduciary responsibility for investment of moneys and administration of the system" and delineates those fiduciary responsibilities. Cal. Const. Art. XVI, § 17(a)-(e).[2] According to Plaintiffs, UC Regents breached its fiduciary duties by failing to provide Plaintiffs with adequate information and coercing them into transferring their vested benefits under UCRP. Further, "LANS acted as an agent of the University with respect to the dissemination of information (for instance, through the LANS Package) to the individual Plaintiffs. Thus, Plaintiffs' claims against LANS are for its role, *as agent of the University*, in the university's

---

[2]Section 17 provides, in relevant part:
The State shall not in any manner loan its credit, nor shall it subscribe to, or be interested in the stock of any company, association, or corporation . . . Notwithstanding any other provisions of law or this Constitution to the contrary, the retirement board of a public pension or retirement system shall have plenary authority and fiduciary responsibility for investment of moneys and administration of the system, subject to all of the following:
(a) The retirement board of a public pension or retirement system shall have the sole and exclusive fiduciary responsibility over the assets of the public pension or retirement system. The retirement board shall also have sole and exclusive responsibility to administer the system in a manner that will assure prompt delivery of benefits and related services to the participants and their beneficiaries. The assets of a public pension or retirement system are trust funds and shall be held for the exclusive purposes of providing benefits to participants in the pension or retirement system and their beneficiaries and defraying reasonable expenses of administering the system.
(b) The members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system solely in the interest of, and for the exclusive purposes of providing benefits to, participants and their beneficiaries, minimizing employer contributions thereto, and defraying reasonable expenses of administering the system. A retirement board's duty to its participants and their beneficiaries shall take precedence over any other duty.
(c) The members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims.
(d) The members of the retirement board of a public pension or retirement system shall diversify the investments of the system so as to minimize the risk of loss and to maximize the rate of return, unless under the circumstances it is clearly not prudent to do so.
(e) The retirement board of a public pension or retirement system, consistent with the exclusive fiduciary responsibilities vested in it, shall have the sole and exclusive power to provide for actuarial services in order to assure the competency of the assets of the public pension or retirement system.

**United States District Court**
For the Northern District of California

breach of its fiduciary duty." Reply at 8 (emphasis in original).

However, Plaintiffs fail to provide <u>any</u> additional explanation or support for their agency theory. As LANS points out, "plaintiffs do not allege – nor could they – that LANS exercises any control over the UCRP." Plaintiffs simply make the conclusory assertion that LANS acted as an agent of the UC Regents. Further, the original Complaint suggests that Plaintiffs are making allegations against LANS that go beyond mere agency. It states that the LANS Package did not provide plan documents or summary plan descriptions for the LANS pension plans. Although the LANS Package consisted of documents from both UC and LANS, this statement is, at least in part, an allegation that LANS failed to provide sufficient information about its own plans. ERISA does cover a plan administrator's duty to disclose information about the plan, *see, e.g.*, 29 U.S.C. §§ 1021, 1024. Accordingly, the claim that LANS failed to do so would seem to be governed by ERISA. *See Anderson v. Humana, Inc.*, 24 F.3d 889, 891 (7th Cir. 1994) ("An effort . . . to control the information provided to employees choosing benefits provided by an employer's plan is squarely within the preemption clause.").

The FAC omits the language about the LANS plan documents, and states instead that "defendants have provided insufficient information to plaintiffs for them to make an informed and prudent decision with respect to the choices being presented to them, relating to their UCRP benefits." According to Plaintiffs, *Anderson* does not apply, because "Plaintiffs' claim for failure to provide information alleges that Defendants should have given Plaintiffs further information about the nature and likelihood of the threatened likely spinoff of employees who chose to keep their assets in the UCRP." Plaintiffs insist that the only "plan" at issue is the UCRP, which is not subject to ERISA. Reply at 5.

The root of Plaintiffs' claim in both Complaints[3] is that LANS and UC Regents failed to

---

[3]LANS argues that the Court should consider only the original Complaint, citing *Sparta Surgical Corp. v. National Association of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("A plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."). Plaintiffs counter that in *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490 (9th Cir. 1995), the court held that there is nothing improper in a plaintiff's decision to secure remand by

8

1    provide adequate information for employees to make decisions about whether to choose the new
2    LANS plans or a "spinoff" plan, and coerced employees to give up UCRP benefits.  This necessarily
3    involves a claim that both Defendants failed to provide sufficient information about the LANS plans.
4    Thus, the Court rejects Plaintiffs' argument that the LANS plans are not at issue.

5    Plaintiffs argue that the connection to ERISA is too attenuated to warrant complete
6    preemption.  They rely on *Ervast v. Flexible Products Co.*, 346 F.3d 1007 (11th Cir. 2003), in which
7    the plaintiff brought an action for breach of fiduciary duty against his former employer, arising from
8    the employer's failure to disclose information about a potential merger while the employee was
9    deciding whether to resign.  The court concluded that this claim was not preempted by ERISA,
10   noting that, "[a]lthough state-law claims involving the denial of employee benefits invariably yield
11   to ERISA substantive law, the presence of an ERISA plan within the facts of a case does not, on its
12   own, automatically subject the litigant to federal question jurisdiction."  *Id.* at 1014.  *See also Hook*
13   *v. Morrison Milling Co.*, 38 F.3d 776, 784 (5th Cir. 1994) ("ERISA's preemptive scope may be
14   broad but it does not reach claims that do not involve the administration of plans, even though the
15   plan may be a party to the suit or the claim relies on the details of the plan."); *The Meadows v.*
16   *Employers Health Ins.*, 47 F.3d 1006, 1010 (9th Cir. 1995) (citing *Hook* with approval and stating
17   that ERISA does not preempt state law claims unless they "relate" to the administration of an ERISA
18   plan).

19   This is a difficult question, but the Court disagrees with Plaintiffs.  The relationship between
20   Plaintiffs' claims and the administration of an ERISA plan is direct: as discussed, an important
21   aspect of Plaintiffs' claims is the notion that employees were insufficiently educated about the LANS
22   plans to make a choice.  The LANS plans are ERISA plans, and LANS' duty to make disclosures
23   about them is governed by ERISA.

---

amending the complaint to remove federal claims.  *Baddie* has been followed in this district.  *See GlobalSantaFe Drilling Co. v. Ins. Co. of the State of Pennsylvania*, 2006 WL 13090 (N.D. Cal. 2006) (distinguishing *Sparta*).  Accordingly, the Court will consider whether the FAC deleted the claims that gave rise to federal jurisdiction.  The Court holds that it did not.

1   Thus, the Court holds that this case was properly removed. Accordingly, the Court has
2  jurisdiction to consider Defendants' Motions to Dismiss, for a More Definite Statement, and to
3  Strike. *See Toumajian v. Frailey*, 135 F.3d 648, 655 (9th Cir. 1998).

4   Plaintiffs request that the Court award attorney's fees incurred by Plaintiffs as a result of the
5  removal. The Court has discretion to do so pursuant to 28 U.S.C. § 1447(c). However, the Supreme
6  Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under §
7  1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."
8  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005). That is not the case here. Plaintiffs'
9  request for attorney's fees is DENIED.

**2.      Motion to Dismiss**

   **a.      Legal Standard**

12   Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if it
13  appears beyond a doubt that the plaintiff "can prove no set of facts in support of his claim which
14  would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). For purposes of such a
15  motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded
16  factual allegations are taken as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Everest &
17  Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994). All reasonable
18  inferences are to be drawn in favor of the plaintiff. *Jacobson v. Hughes Aircraft*, 105 F.3d 1288,
19  1296 (9th Cir. 1997). When a plaintiff attaches exhibits to the complaint, those exhibits may be
20  considered as part of the pleadings. *Cooper v. Bell*, 628 F.2d 1208, 1210 n. 2 (9th Cir. 1980).

21   The court does not accept as true unreasonable inferences or conclusory legal allegations cast
22  in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.
23  1981); *see Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("[C]onclusory
24  allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state
25  a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 ("Nor is the court required to
26  accept as true allegations that are merely conclusory, unwarranted deductions of fact, or

10

1 unreasonable inferences."), *as amended by*, 275 F.3d 1187 (9th Cir. 2001).

### b. Discussion

LANS and the UC Regents submitted separate briefing and make separate arguments in support of their Motions to Dismiss. Because, as will be discussed, the Court finds that LANS' Motion should be granted and the case remanded pursuant to 28 U.S.C. § 1367(c), the Court will not address the UC Regents' Motion.

LANS makes two arguments in support of its Motion to Dismiss. First, it argues that Plaintiffs' claims against LANS are completely preempted by ERISA, and that ERISA does not provide a remedy for the complained-of acts. Second, LANS argues that Plaintiffs cannot sue LANS under Section 17 because the Section does not apply to private-sector employers.

The argument that Plaintiffs' claims against LANS are preempted by ERISA is addressed above; again, the Court is persuaded by LANS' preemption argument. Assuming ERISA applies, the next question is whether Plaintiffs state a claim for violation of ERISA. According to LANS, they do not, because ERISA's reporting and disclosure requirements are only applicable to plan participants. *See* 29 U.S.C. § 1024(b) (stating that "[p]ublication of the summary plan descriptions and annual reports shall be made to participants and beneficiaries of the particular plan). Plaintiffs were not participants in the LANS plans when the disputed disclosures were made – they were employees of the University and participants in the UCRP. "[B]ecause ERISA simply did not require LANS to make any disclosures about Pension Plan 1 or Pension Plan 2 to Laboratory employees before they became plan participants," Plaintiffs fail to state a claim under ERISA.[4]

Plaintiffs agree that LANS owed them no fiduciary duty under ERISA before they became participants in the LANS plans. According to Plaintiffs, this demonstrates that ERISA preemption does not apply. But Defendants argue persuasively that even if Plaintiffs cannot recover under ERISA, ERISA may still preempt their claims. *See Pilot Life Ins. Co. v Dedeaux*, 481 U.S. 41, 54

---

[4] LANS also points out, in a footnote, that Plaintiffs cannot base an ERISA claim on inadequate disclosures by the University about the UCRP, because as a public-employee retirement plan, the UCRP is not governed by ERISA. The Court agrees, and so do Plaintiffs.

11

1  (1987) ("The policy choices reflected in the inclusion of certain remedies and exclusion of others
2  under the federal scheme would be completely undermined if ERISA-plan participants and
3  beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA.").
4  Plaintiffs reiterate that their claims are not, in substance, about the LANS plans, but instead are
5  about the UCRP, and LANS' role is confined to that of agent of the University.[5]  Again, the Court is
6  unpersuaded by the agency theory – and without it, Plaintiffs have stated no viable claims against
7  LANS.  Much of Plaintiffs' brief in opposition to LANS' Motion to Dismiss simply re-hashes the
8  arguments made in the Motion to Remand.

9  LANS next argues that Plaintiffs cannot sue LANS under Section 17, because the Section
10 does not apply to LANS, a private limited-liability company.  The Court agrees; Section 17, by its
11 terms, applies to public pension systems.  Plaintiffs apparently concede this point as well, instead
12 arguing that Section 17 applies to the UCRP and that LANS acted as an agent of the University in
13 breaching the fiduciary duties set out in Section 17.

14 In sum, Plaintiffs' claims against LANS are preempted by ERISA, ERISA provides no relief
15 to Plaintiffs given that they were not plan participants at the time of the complained-of acts, and
16 Section 17 does not apply to LANS.  Thus, LANS' Motion to Dismiss is GRANTED.  Plaintiffs'
17 claims against LANS are dismissed with prejudice: because any claim related to the LANS plans
18 will be preempted by ERISA, but ERISA will not provide a remedy, amendment would be futile.
19 *See DeSoto Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend is properly
20 denied where amendment would be futile).

21 Accordingly, LANS' Motion for a More Definite Statement and to Strike Plaintiffs' Prayer

---

[5] In their response to LANS' Motion to Dismiss, Plaintiffs offer the following in support of the agency theory: "because the University was transmitting information through LANS, and/or the two entities were transferring information jointly (through joint meetings that they held, joint packets of information such as the offer package, etc.), LANS acted as an agent of the University and may be sued in that capacity."  Further, Plaintiffs assert, the fact that the University holds a 50% interest in LANS indicates that there is an agency relationship.  However, Plaintiffs still fail to offer any case law or statutory authority enumerating the elements of an agency relationship or supporting their agency theory.

28

12

for Money Damages are DENIED AS MOOT.

Because the Court has dismissed Plaintiffs' claims against LANS, only state claims remain; it is clear that Plaintiffs' claims against UC Regents are based on state law. Thus, the Court has discretion to remand based on 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction"). The Court will exercise that discretion in this instance. The remaining questions in this case are: whether Section 17 applies to the Regents, whether Section 17 gives Plaintiffs a private right of action for breach of fiduciary duty, whether the facts alleged in the complaint are sufficient to state a claim for breach of fiduciary duty, and whether there is a damage remedy available for violation of Section 17. These are pure state law issues, whose answers are not at all clear from the case law: there are very few California decisions directly dealing with Section 17, much less decisions dealing with whether the Section provides a private right of action or a damage remedy. Novel questions of interpretation and application of the California constitution are best left to the California courts. *See* 28 U.S.C. § 1367(c)(1) (providing that the district court may decline to exercise supplemental jurisdiction where "the claim raises a novel or complex issue of State law").

## **CONCLUSION**

IT IS HEREBY ORDERED THAT this case is REMANDED to Alameda County Superior Court. All pending matters are terminated and the clerk is directed to close the file.

IT IS SO ORDERED.

Dated: 11/9/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

13